UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Danny Rayburn Smith,<br><br>    Plaintiff,<br><br>vs.<br><br>County of Pickens;<br>and David Stone, Pickens County Sheriff,<br><br>    Defendants,<br><br>vs.<br><br>Blanch Wertz, power of attorney for plaintiff,<br><br>    Interested Party. | C/A No. 8:08-1916-RBH-BHH<br><br>Report and Recommendation |

## INTRODUCTION

The plaintiff, proceeding *pro se*, filed this action in the Court of Common Pleas for Pickens County, South Carolina[1] alleging a constitutional violation pursuant to 42 U.S.C. § 1983 and a state law claim.  The defendants removed this action to federal court on May 14, 2008, pursuant to 28 U.S.C. §§ 1441, 1446 and 1331.  Under Local Rule 73.02(B)(2), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.  The matter is before the court *sua sponte* to determine if this court has subject matter jurisdiction over this action.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings.  The review has been conducted in light of the following

---

[1] The docket number for the state court action was Civil Action No. 2008-CP-39-605.

precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

## DISCUSSION

In the complaint, the plaintiff alleges that during his arrest in 2006 certain personal property was taken by officers of the Pickens County Sheriff's Department and that the property has not been returned in violation of his constitutional rights and a tort claim for conversion. On the summons and complaint, Blanch Wertz signed her own name, and she filed this action *pro se* on behalf of Danny Rayburn Smith, who is incarcerated. Danny Rayburn Smith did not sign the pleadings nor was his address provided. Blanch Wertz asserts that she has a power of attorney for the plaintiff, Danny Rayburn Smith.

The court will assume that Blanch Wertz does have a full and complete power of attorney effective under South Carolina law which gives her the right to assert the legal rights of Danny Rayburn Smith.[2] However, the Court may still inquire into whether Wertz may litigate *pro se* the legal rights of Smith. It seems clear that Wertz, a non-attorney, may not do so. *See Myers v. Loudoun Co. Public Schools*, 418 F.3d 395, 401 (4th Cir. 2005); *Leyfert v. Commonwealth of Pa. House of Representatives*, No. Civ.A. 05-4700, *available at* 2005 WL 3433995 at *3 (E.D. Pa. 2005) (finding that a non-attorney, who held a power of attorney for her parents, lacked standing to file an action on behalf of her parents and therefore the court lacked jurisdiction over the case); *Umstead v. Chase Manhattan*

---

[2] The alleged power of attorney document is not in the record.

2

*Mortgage Corp.*, No. Civ.A. 7:04CV00747, *available at* 2005 WL 2233554 at *2 (W.D. Va. 2005) (finding that pleadings filed through lay representation on behalf of another using a power of attorney must be disregarded as a nullity and those claims were "void *ab initio*"). *See also Renaissance Enter., Inc. v. Summit Teleservices, Inc.,* 515 S.E.2d 257 (S.C. 1999) (finding that a non-lawyer may not represent a corporation in circuit or appellate courts). If Wertz may not litigate *pro se* the rights of Smith, then it appears that Wertz lacks standing to bring this action; and, therefore, this Court does not have subject matter jurisdiction over this action. *Cf. Glucotec, Inc. v. United States Dep't of Health and Human Serv.*, C/A No. 6:07-2995-HMH, *available at* 2008 WL 1766709 (D.S.C. 2008) (noting that subject matter jurisdiction is limited by "cases and controversies," standing, and ripeness).

Because the undersigned was concerned that the United States District Court may not have subject matter jurisdiction over this action, pursuant to *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192 (4th Cir. 2008), the court *sua sponte* reviewed the Notice of Removal and the complaint. The court imposed on the removing defendants the burden of demonstrating jurisdiction and gave them sufficient time to file a response. *Id.*; *see also In re Blackwater Sec. Consulting, LLC,* 460 F.3d 576, 883-84 (4th Cir. 2006) (noting that removal jurisdiction is not a favored construction).

On June 3, 2008, the court ordered that the defendants, who bear the burden of demonstrating that removal jurisdiction is proper, submit a brief to further explain why this Court has subject matter jurisdiction over this action and why this action should not be remanded to state court. Blanch Wertz was given fifteen (15) days from the date the defendants' brief was filed to file a reply brief if she desired. The defendants filed their

3

brief on July 3, 2008, and the time has passed for Wertz to file her brief.  Since the court's July 3, 2008, Order, Wertz has not filed anything with the court.

In their brief, the defendants stated:

> The defendants agree that applicable case law indicates that Blanche Wertz lacks capacity to prosecute this action, and accordingly, would therefore concede that to the extent lack of capacity raises the issue of subject matter jurisdiction, subject matter jurisdiction may, in this circumstance, at this time, be lacking.
>
> In the event the Court should determine that there is lack of subject matter jurisdiction and that the case should be remanded instead of dismissed, the defendants would wish to reserve, and not waive, their right to Federal Court jurisdiction. Should it be determined that Blanche Wertz has the capacity and/or standing and/or in the event the Complaint is amended and/or re-filed, the defendants submit that any federal questions should be addressed by the Federal Court.

(Defendants' Brief, Document # 12).  Therefore, it appears that the defendants concede that Wertz lacks capacity to bring this action *pro se* on Smith's behalf.  Accordingly, because subject matter jurisdiction is limited by standing, and Wertz lacks standing to bring this action, there is no subject matter jurisdiction in this court.

## RECOMMENDATION

It is recommended that the District Court remand this action to the Court of Common Pleas for Pickens County, South Carolina.[3]  **Plaintiff's attention is directed to the important notice on the next page.**

August 12, 2008                                s/Bruce Howe Hendricks
Greenville, South Carolina                     United States Magistrate Judge

---

[3] There is a split in authority as to whether a magistrate judge can issue an order to remand a case to state court, with some courts finding that a remand order is "dispositive" and some finding that it is "non-dispositive."

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).